UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COURTNEY LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01712-JPH-TAB |
| | ) | |
| JENNIFER FRENCH, | ) | |
| MARK SEVIER, | ) | |
| JACK HENDRIX, | ) | |
| JAMES BASINGER, | ) | |
| T. DICKERSON, | ) | |
| FITCH, | ) | |
| WALTER PETERSON, | ) | |
| ROBERT MARSHALL, | ) | |
| JOSEPH, | ) | |
| SANFORD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO COMPEL**

In this case, Plaintiff Courtney Long pursues claims that prison officials at three separate prisons—Wabash Valley Correctional Facility, New Castle Correctional Facility, and Westville Correctional Facility—kept him in segregation without due process and in retaliation for his refusal to participate in their investigation of cell phone trafficking. Pending before the Court is Plaintiff's motion to compel production of the following: (1) every review conducted on State Form 56670 (r/4-19) between 2010 through 2021, which are the years he spent in segregation; and (2) all emails, text messages, electronic messages, and other correspondence about Plaintiff from 2010 to 2021, including communications about his restrictive housing status and internal affairs investigations. *Id.* There are two separate sets of defendants—those affiliated with Wabash Valley and Westville, which are prisons run by the Indiana Department of Correction—and those affiliated with New Castle, which is a prison run by the GEO Group under a contract with the IDOC.

I. **IDOC Defendants**

A. **State Forms**

As to the state forms Plaintiff requests, the IDOC Defendants explain that a "State Form 56670 (r/4-19)" is a housing classification form. Dkt. 61. They represent that they have already provided all available classification documents concerning Plaintiff, including the State Forms 56670. *Id.* Plaintiff did not file a reply. Accordingly, the motion to compel is **denied** as to Plaintiff's request that the IDOC Defendants be compelled to produce more State Forms 56670.

B. **Emails and Correspondence**

As to the correspondence Plaintiff requests, the IDOC Defendants represent that they have produced all emails that were either sent to or received by the people named as defendants in this case that included Plaintiff's name or his IDOC registration number. *Id.* They object to further production on the following grounds:

> Objection. This request is overly broad, unduly burdensome, and is not proportionate to the needs of this case. Given that there is no way to search across all current and former IDOC email accounts at once, this request would require a manual search of every current and former IDOC employee's email account for emails containing Plaintiff's name and/or IDOC number, which is vastly overly broad and unduly burdensome. Subject to and without waiving said objections, see all previously produced email records for the named Defendants in this matter pertaining to Plaintiff. See Exhibit A at 1, 2.

Dkt. 61-1 at 1. Thus, their principal objection is that the limitations of the IDOC's email system make it too burdensome to search any email accounts except those belonging to the people named as defendants in this lawsuit. It would have been preferable for the IDOC Defendants to support their response with an affidavit verifying their representations about the limitations of the search capabilities for the IDOC's email system. *See Grimes v. Keramida*, No. 1:22-cv-01598-JRS-MJD, 2023 WL 5384049, at *2 (S.D. Ind. Aug. 22, 2023) (generally, establishing that a discovery request is unduly burdensome requires affidavits or other evidence supporting the assertion of burden).

Nevertheless, the Court finds that the IDOC Defendants have carried their burden to establish that performing additional searches for emails beyond what they have already done would be unduly burdensome. Accordingly, the motion to compel is **denied** to the extent that it asks the IDOC Defendants to produce more correspondence.

## II.     GEO Defendants

Plaintiff directed his motion to compel to both the IDOC Defendants and the GEO Defendants, and included argument specifically directed to the GEO Defendants' responses to his document requests. Dkt. 60. For example, he discusses the GEO Defendants' objection that they do not have access to the documents he is requesting. *See id.* at 3 (referring to dkt. 60-1 at 179–80). The GEO Defendants did not respond to the motion to compel, thereby waiving any arguments in response to it. Given the nature of the documents Plaintiff has requested, there may be some merit to the objection that the GEO Defendants do not have access to the documents requested. However, the Court cannot make that determination on this record because they failed to respond to the motion to compel.

Accordingly, the motion to compel is **granted** to the extent that, within **14 days of the date of this Order**, the GEO Defendants shall: (1) conduct a good faith search for and produce any documents in their possession, custody, or control that are responsive to Requests 1 and 2 of Plaintiff's Second Request for Production of Documents (dkt. 60-1 at 179–80), if they have not done so already; and (2) file a statement with the Court confirming that they have done so. The statement should explain what steps they took to search for responsive documents and what documents were produced. If the GEO Defendants do not have possession, custody, or control of any of the requested documents, the statement should specifically identify those documents.

### III. Conclusion

In summary, Plaintiff's motion to compel, dkt. [60], is **granted in part and denied in part** to the extent stated above.

**IT IS SO ORDERED.**

Date: 3/27/2024

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

COURTNEY LONG
108201
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

All Electronically Registered Counsel of Record via CM/ECF